Davis *et al. v.* Pool.

---

DAVIS ET AL. *v.* POOL.

NEW TRIAL.—*Erroneous Ruling on Demurrer.*—An erroneous ruling upon a demurrer to a pleading is not ground for a new trial.

WEIGHT OF EVIDENCE.—*Promissory Note.—Sunday.—Ratification.*—The Supreme Court will not disturb a finding upon the mere weight of evidence as to the execution of a promissory note on Sunday, and as to its subsequent ratification.

PRACTICE.—*Trial without Issue.— Waiver.*—A party, who goes into trial without requiring the formation of an issue upon an affirmative pleading filed by him, waives issue, and the pleading is deemed as controverted.

From the Bartholomew Circuit Court.

*R. Hill,* for appellants.

*F. T. Hord,* for appellee.

BIDDLE, J.—Complaint on a promissory note made by appellants to appellee.

Answer; issue; trial by the court; finding and judgment for appellee; appeal.

The appellants reserved several questions arising upon demurrers to the pleadings, which they assigned as causes for a new trial, and have not assigned as error. No question of law, therefore, is presented in the case; but only a question of fact upon the sufficiency of the evidence to sustain the finding.

The appellee put the note in evidence. This threw the onus upon the appellants. The only attempted defence in the evidence is, that the note was executed on Sunday.

Upon this point there is evidence tending to prove that the note was executed on Sunday, and evidence conflicting with it. There is also evidence tending to show that the execution of the note was afterwards ratified on a business day of the week, and no evidence against it. The fair conclusion is, that the validity of the note is not overthrown. We can not disturb the finding upon a question of evidence.

We should, however, decide another question. The answer of payment of the note, by Jacob Davis, was not replied to. This omission to reply to the answer, the appellants think, admitted its truth, and, therefore, that the finding is wrong on the evidence. The appellants could have had a reply to their answer, on motion, if they had desired it; but going to trial without, left the answer as if it had been denied. We have decided this point so often that no authorities are needed in its support. Besides, there was no evidence tending to prove payment in the case.

The judgment is affirmed, at the costs of the appellants.